# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

RACHEL GOODE,

        Plaintiff,

v.                                                    Case No. 8:22-cv-2107-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.

_____

## OPINION AND ORDER[2]

### I.   Status

Rachel Goode ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of a motorcycle accident causing "broken bones" and a "lung problem," spondylolisthesis of the L-5 vertebra from

---

[1]      Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 8), filed December 8, 2022; Endorsed Order (Doc. No. 11), entered December 14, 2022.

a back injury, a gunshot wound with permanent pellets in the right lung, partial systemic lupus erythematosus, right lung damage, fractured ribs and scapula, a shattered clavicle with permanent implant repair, broken left radius with implant repair, repaired crushed bone and detachment of the left thumb, hypertrophic laceration/scar tissue to left index finger, depression and dizziness bouts, and attention deficit disorder. Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed December 8, 2022, at 219.[3]

On April 26, 2011, Plaintiff protectively filed the DIB and SSI applications, alleging a disability onset date of January 30, 2011 in both applications. Tr. at 191-97 (DIB), 198-204 (SSI). The applications were denied initially, Tr. at 140, 145-49 (DIB), 141, 151-56 (SSI), and upon reconsideration, Tr. at 142, 158 , 159-63 (DIB), 143, 164, 165-69 (SSI).

On November 16, 2012, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 97-139. At the time, Plaintiff was fifty (50) years old. Tr. at 102. The ALJ issued a decision on January 18, 2013 finding Plaintiff not disabled through the date of the decision. Tr. at 76-84. Plaintiff sought review of the decision by the Appeals Council and submitted

---

[3]        Some of the cited documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

a brief and additional medical evidence in support of the request. Tr. at 6-7 (Appeals Council exhibit list and order), 9-18, 22-25, 29-34, 36-42, 45-52, 58-66 (evidence), 70-71 (request for review and cover letter), 72 (brief). On September 22, 2014, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed the final decision to this Court on October 28, 2014. Tr. at 709-11. On February 11, 2016, the Court entered an Order reversing and remanding the matter for further administrative proceedings. Tr. at 716-27; see Tr. at 714 (Judgment). On remand, the Appeals Council on March 3, 2016 entered an Order vacating the final decision and remanding the matter to an ALJ consistent with the Court's Order. Tr. at 730-31. In so doing, the Council recognized that Plaintiff had on October 27, 2014 filed subsequent claims for DIB and SSI, so the Council directed the ALJ on remand to consolidate the claim files, created a single electronic record, and issue a new decision on the consolidated claims. Tr. at 730.

On May 11, 2016, the ALJ held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a VE. Tr. at 658-83. On July 7, 2016, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision. Tr. at 587-99. Plaintiff requested review of the decision by the Appeals Council and submitted a brief and additional medical evidence in support of the request. Tr. at 579-81 (exhibit list and order), 610-16 (evidence),

840-41 (request for review and cover letter), 842-51 (brief and attachments). On February 6, 2017, the Appeals Council declined to assume jurisdiction, Tr. at 574-78, making the ALJ's decision the final decision of the Commissioner.

Plaintiff again appealed the final decision to this Court, see Compl. (Doc. No. 1), No. 8:17-cv-743-JSS (M.D. Fla. Mar. 29, 2017), but she also on April 10, 2017 filed new claims for DIB and SSI, Tr. at 1323. Adjudicating those new claims, an ALJ found Plaintiff disabled as of September 1, 2016. Tr. at 1323.

This Court on September 21, 2018 affirmed the final decision on the 2011 and 2014 claims. Tr. at 1430-39; see Tr. at 1440 (Judgment). Plaintiff then appealed to the United States Court of Appeals for the Eleventh Circuit. On July 28, 2020, the Eleventh Circuit issued a published opinion reversing and remanding "with instructions that the matter be returned to the ALJ for further proceedings consistent with [the] opinion." Tr. at 1405-21. This Court on April 8, 2021 entered an Order remanding the matter to the Administration consistent with the opinion of the Eleventh Circuit. Tr. at 1403-04; see Tr. at 1422 (Judgment).

On remand, the Appeals Council on June 11, 2021 entered an Order remanding the case to an ALJ. Tr. at 1424-27. In so doing, the Appeals Council noted that Plaintiff had filed the 2017 claims, and she had been found to be disabled as of September 1, 2016. Tr. at 1426. The Appeals Council found that determination to be "supported by substantial evidence" and affirmed it. Tr. at

1426. Accordingly, the Council left for "further adjudication" in this matter only the period prior to September 1, 2016. Tr. at 1426.

Another ALJ held a hearing on October 21, 2021, during which she heard from Plaintiff, who remained represented by counsel, and from a VE.[4] Tr. at 1343-70. The ALJ issued a Decision on November 3, 2021 finding Plaintiff not disabled from January 30, 2011 through August 30, 2016 (specifically recognizing that Plaintiff had been found disabled by another ALJ as of September 1, 2016). Tr. at 1323-33. Plaintiff requested review of the ALJ's Decision and submitted a brief in support. Tr. at 1311-12 (exhibit list and order), 1588-89 (request for review and cover letter), 1590 (brief). On August 11, 2022, the Appeals Council declined to assume jurisdiction, Tr. at 1306-10, making the ALJ's Decision the final decision of the Commissioner. On September 12, 2022, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ "exceeded the mandate of the federal court remanding a prior decision and violated the law of the case doctrine." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 15; "Pl.'s

---

[4]     The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 1345-47, 1536-51.

Mem.") filed March 9, 2023, at 4 (emphasis and capitalization omitted); see id. at 4-8. On April 6, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 16; "Def.'s Mem."), responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of

---

[5]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 1326-32. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since January 30, 2011, the alleged onset date." Tr. at 1326 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: traumatic L-5 spondylolisthesis, with fractured ribs, scapula, clavicle, radius, thumb, and finger, status post-surgical procedures; depression and attention deficit hyperactivity disorder (ADHD); carpal tunnel syndrome (CTS); lupus erythematosus; gunshot trauma to right lung, status post-surgical procedures." Tr. at 1326 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 1326 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except frequently reaching overhead to the right. She can handle items frequently with the left hand and can handle items frequently with the right hand. She can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, crawl occasionally. She can understand, remember, and carry out instructions as follows –

> simple, routine tasks, SVP 1-2, reasoning no greater than 2. She
> can maintain attention, concentration, persistence and pace in 2
> hour increments throughout an 8 hour work day with normal work
> breaks.

Tr. at 1327 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "registered nurse." Tr. at 1331 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("49 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 1331 (some emphasis omitted), such as "ticket taker," "marker," and "order caller," Tr. at 1332. The ALJ concluded Plaintiff "has not been under a disability . . . from January 30, 2011, through August 30, 2016." Tr. at 1332 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a

preponderance.'" <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Falge</u>, 150 F.3d at 1322 (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)); <u>see also</u> <u>Biestek v. Berryhill</u>, 139 S.Ct. 1148, 1154 (2019); <u>Samuels v. Acting Comm'r of Soc. Sec.</u>, 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff contends the Administration erred during the various remand proceedings by continuously evolving her RFC with respect to reaching. Pl.'s Mem. at 4. According to Plaintiff, this violated the law of the case doctrine and the mandate rule. <u>See</u> <u>id.</u> at 4-8. Responding, Defendant asserts that Plaintiff's argument runs contrary to agency policy and Eleventh Circuit precedent. Def.'s Mem. at 6-13.

The first ALJ decision found Plaintiff able to occasionally reach in all directions. Tr. at 80. Plaintiff recognizes that when she appealed that decision, this Court focused solely on Plaintiff's mental condition in remanding the matter for further proceedings. Pl.'s Mem. at 4; see Tr. at 716-27. After the matter was remanded, the second ALJ decision found Plaintiff could occasionally reach overhead with the right upper extremity. Tr. at 1380-81. Plaintiff raised as an issue in this Court whether this finding violated the law of the case and the mandate rule, and this Court found it did not need to decide the issue because there was no "material[] change from the first to the second RFC." Tr. at 1435-36. The Eleventh Circuit then reversed on other grounds. Tr. at 1405-21. On remand, and at issue here, the third ALJ Decision found Plaintiff could "frequently reach[] overhead to the right." Tr. at 1327.

Plaintiff contends the latest finding violated the law of the case doctrine and the mandate rule, but she recognizes there are at least two unrelated, unpublished Eleventh Circuit opinions that are contrary to her argument. See Pl.'s Mem. at 5, 7 (citing Zuniga v. Comm'r, 772 F. App'x 870, 871 (11th Cir. 2019); Alicea v. Comm'r, 855 F. App'x 494, 494-95 (11th Cir. 2021)).

"Generally, under the law of the case doctrine, an appellate court's findings of fact and conclusions of law are binding in all subsequent proceedings in the same case." Zuniga, 772 F. App'x at 871 (citing This That & the Other Gift & Tobacco, Inc. v. Cobb Cty., 439 F.3d 1275, 1283 (11th Cir. 2006)). Further,

"[t]he mandate rule requires compliance on remand with the appellate court's instructions and forecloses relitigation of any issue that the appellate court expressly or impliedly decided." Id. (citing Johnson v. KeyBank Nat'l Assn (In re Checking Account Overdraft Litig.), 754 F.3d 1290, 1296 (11th Cir. 2014)). "But a vacated opinion or order is 'officially gone,' and therefore cannot provide a basis" for the law of the case doctrine or the mandate rule to apply. Id.

Here, Plaintiff admits the Eleventh Circuit did not make findings of fact or conclusions of law on the RFC issue. So, by its terms, the law of the case doctrine cannot apply. See Zuniga, 772 F. App'x at 871. Nor can the mandate rule, because the Eleventh Circuit's opinion and subsequent mandate did not address the RFC issue. See, e.g., id.; Alicea, 855 F. App'x at 496-97; Maxwell v. Comm'r of Soc. Sec., 778 F. App'x 800, 802-03 (11th Cir. 2019). Moreover, the prior ALJ decisions were officially vacated, stripping them of any binding effect. See Zuniga, 772 F. App'x at 871. For these reasons, Plaintiff's argument fails.

## V.   Conclusion

The ALJ's Decision does not violate the mandate rule or the law of the case doctrine. Further, it is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 4, 2024.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record